IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHELLE CHRONISTER, ) | |
| ) | No. 05 C 3492 |
| Plaintiff, ) | |
| ) | Judge Mark Filip |
| v. ) | |
| ) | |
| SUPERIOR AIR/GROUND ) | |
| AMBULANCE SERVICE, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Michelle Chronister ("Plaintiff"), is suing her former employer, Superior Air/Ground Ambulance Service, Inc. ("Defendant"), alleging the following: sexual discrimination in violation of Title VII (Count I), retaliatory discharge in violation of Title VII (Count II), intentional infliction of emotional distress in violation of Illinois law (Count III), discrimination in violation of the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA") (Count IV), and retaliation in violation of the FMLA (Count V). (D.E. 12.) Before the Court is the Plaintiff's motion to strike Defendant's first, third, fifth and eighth affirmative defenses. (D.E. 16.) Plaintiff argues that these affirmative defenses do not meet the pleading requirements of Federal Rule of Civil Procedure 8 ("Rule 8"). As explained below, the Court grants the motion to strike affirmative defense one and denies the motion to strike affirmative defenses three, five and eight.

## BACKGROUND

From around December 1999, to around December 2004, Plaintiff worked for Superior as a paramedic, performing her duties to expectations. (D.E. 12 ¶¶ 8-9.) Prior to March 2004, Defendant had provided light duty positions to non-pregnant and male employees whose medical conditions necessitated light duty. (*Id.* ¶ 13.) In March 2004, Plaintiff requested a light duty position, informing Superior that her doctor had restricted her to "light duty" because she was pregnant. (*Id.* ¶¶ 10-12.) Defendant had light duty positions available but did not provide Plaintiff with one. (*Id.* ¶¶ 12-13.) Plaintiff complained to Superior about this disparate treatment, and Superior required her to take unpaid medical leave though she was willing and able to work. (*Id.* ¶ 14.) Throughout that leave, Plaintiff updated her supervisors about her condition and was assured that her position was secure upon her return to work. (*Id.* ¶¶ 15-16.) Plaintiff informed Superior when her doctor told her she could resume her former duties. (*Id.* ¶ 17.) Superior did not provide her with work, and it terminated her employment in December 2004. (*Id.* ¶¶ 18, 20-21.)

Defendant's answer generally denies the Plaintiff's allegations and sets forth eight affirmative defenses. (D.E. 13.) Defendant alleges in its first affirmative defense that Plaintiff has failed to state a claim upon which relief can be granted for Counts I, II, IV and V. (*Id.* at 11.) Defendant alleges in affirmative defense three that Counts I and II are barred because Plaintiff has failed to exhaust her administrative remedies by bringing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") prior to filing suit. (*Id.*) In addition, Defendant alleges in affirmative defense five that "Plaintiff's claims regarding alleged occurrences more than 300 days prior to the filing of her Charge of Discrimination are barred

because they are untimely." (*Id.*) Finally, Defendant alleges failure to mitigate as its eighth affirmative defense. (*Id.* at 12.)

## DISCUSSION

Plaintiff has moved to strike affirmative defenses one, three, five, and eight. (D.E. 16.) Plaintiff variously argues that these affirmative defenses are "bare legal conclusions, or the defense is not applicable to the case, or they are improper affirmative defenses." (*Id.* at 2.) The Court agrees that affirmative defense one is inadequately pleaded but disagrees with Plaintiff's assertions regarding affirmative defenses three, five, and eight, as further explained below.

The purpose of Rule 8(c) is to give the opposing party notice of the affirmative defense and a chance to rebut it. *See Servpro Indus. Inc. v. Schmidt*, 905 F. Supp. 475, 483 (N.D. Ill. 1995) (Alesia, J.) (collecting authorities). Rule 8(c) provides that a party must set forth affirmative defenses in a responsive pleading. These pleadings are subject to all of the pleading requirements of the Federal Rules of Civil Procedure. *See Heller Fin. Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). The Court may strike from any pleading any insufficient defense. *See* Fed. R. Civ. P. 12(f). Affirmative defenses must set forth a "short and plain" statement of the basis for the defense. *See* Fed. R. Civ. P. 8; *accord Heller*, 883 F.2d at 1294. An allegation must include either direct or inferential allegations respecting all material elements of the defense asserted. *See, e.g., Renalds v. S.R.G. Rest. Group*, 119 F. Supp. 2d 800, 802 (N.D. Ill. 2000) (Alesia, J.) (collecting authorities). Simply naming a legal theory without indicating how it is connected to the case at hand is not sufficient to withstand a motion to strike. *See id.* at 803.

Courts generally disfavor motions to strike affirmative defenses because they potentially

3

serve only to cause delay. *See Heller*, 883 F.2d at 1294. Nonetheless, "a motion to strike can be a useful means of removing 'unnecessary clutter.'" *Builders Bank v. First Bank & Trust Co. of Ill.*, No. 03 C 4959, 2004 WL 626827, at *1 (N.D. Ill. Mar. 25, 2004) (Aspen, J.) (citing *Heller*, 883 F.2d at 1294). This district has followed a three-part test for examining affirmative defenses subject to a motion to strike, requiring that: (1) the matter must be properly pleaded as an affirmative defense; (2) the matter must be adequately pleaded under the requirements of Federal Rules of Civil Procedure 8 and 9; and (3) the matter must withstand a Rule 12(b)(6) challenge. *See, e.g., Yash Raj Films (USA) Inc. v. Atl. Video*, No. 03 C 7069, 2004 WL 1200184, at *2 (N.D. Ill. May 28, 2004) (citing *Renalds*, 119 F. Supp. 2d at 802-03).

A. First Affirmative Defense

Affirmative defense one, failure to state a claim, requires a short and plain statement of the basis for the defense as is set forth in Rule 8(a). *See, e.g., id.* Defenses that are bare bones legal conclusions are not sufficient to survive a motion to strike. *See Heller*, 883 F.2d at 1295; *Builders Bank*, 2004 WL 626827, at *3 (collecting cases); *id.* (identifying "some disagreement in the Northern District of Illinois" about whether failure to state a claim may be raised as an affirmative defense or instead must be raised in a separate Rule 12(b)(6) motion, but finding that "[e]ven those courts that have allowed a party to assert a defense of failure to state a claim, however, have not read the Federal Rules so liberally as to allow the bare recitation of the legal standard ('failure to state a claim') without a short and plain statement of the basis for the defense . . . ."); *Renalds*, 119 F. Supp. 2d at 803-04 (striking failure to state a claim defenses where defendant "simply nam[ed] legal theories without indicating how they are connected to the case at hand.") Defendant's first affirmative defense merely recites the legal standard for Federal

Rule of Civil Procedure 12(b)(6), (D.E. 13 at 11 ("Counts I, II, IV and V fail to state a claim on which relief can be granted")), and does not specify or even suggest any reason why Plaintiff failed to state a claim. Therefore, Defendant has not adequately pleaded this defense under Rule 8(a). *See, e.g., Yash Raj Films*, 2004 WL 1200184, at *2; *Renalds*, 119 F. Supp. 2d at 803-04. The Court grants Plaintiff's motion to strike affirmative defense one without prejudice.

B.     Third and Fifth Affirmative Defenses

Defendant alleges in its third affirmative defense that, with respect to Counts I and II, Plaintiff has failed to exhaust her administrative remedies prior to filing suit. (D.E. 13 at 11.) Defendant argues that "this affirmative defense is simply intended to place Plaintiff on notice of its defense that any claims which are contained in the Amended Complaint which were not included in her Charge of Discrimination . . . filed with the EEOC should be barred." (D.E. 20 at 4.) Defendant asserts that Plaintiff is sufficiently on notice of this defense because Plaintiff is "certainly able to discern those matters included in either Complaint, but not in the Charge." (*Id.*) Similarly, Defendant argues that affirmative defense five sufficiently puts Plaintiff on notice of the potential issue that claims made based on discrimination that allegedly occurred more than 300 days prior to the filing date of the complaint will be time-barred under Title VII, to the extent that she was not aware already of that issue. (*Id.* at 4-5.)

Failure to exhaust administrative remedies and failure to timely file suit are affirmative defenses in Title VII cases. *See, e.g., Poulos v. Vill. of Lindenhurst*, No. 00 C 5603, 2002 WL 31001876, at *4 (N.D. Ill. Sept. 3, 2002) (Plunkett, J.) (citing *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 2000), and *Williams v. Runyon*, 130 F.3d 568, 573 (3d Cir. 1997)). The Court agrees with Defendant that affirmative defenses three and five "sufficiently inform[] plaintiff of

the issue raised and the manner in which defendant[] will conduct the defense[s] in the future."
*Morris v. Swank Educ. Enters., Inc.*, No. 04 C 50056, 2004 WL 1918895, at * 3 (N.D. Ill. July 9, 2004) (Reinhard, J.). Defendant may be able to prove facts to support these affirmative defenses and, at this point in the litigation, the Court must accept all well-pleaded allegations as true. *See, e.g., id.*; *Renalds*, 119 F. Supp. 2d at 805. Moreover, nothing about the facts or basis for these affirmative defenses are uniquely within the purview of the Defendant—unlike the case, for example, with a putative failure-to-state-a-claim defense. Furthermore, as Defendant argues, these affirmative defenses "avoid Plaintiff raising new allegations of purported discrimination during the discovery phase of this lawsuit." (D.E. 20 at 4.) Because the Court concludes that affirmative defenses three and five put Plaintiff on notice of the issues raised and Defendant may be able to prove facts to support these defenses, the Court denies the motion to strike affirmative defenses three and five.

C.     Eighth Affirmative Defense

Finally, affirmative defense eight, failure to mitigate damages, is properly asserted as an affirmative defense. *See, e.g., Sanchez v. La Rosa Del Monte Express, Inc.*, No. 94 C 3602, 1994 WL 603901, at *2 (N.D. Ill. Nov. 1, 1994) (Moran, C.J.) (citing *Stanley Gudyka Sales Co. v. Lacy Forest Prods. Co.*, No. 84 C 5165, 1988 WL 102061, at *1 (N.D. Ill. Sept. 28, 1988)). A pleading of failure to mitigate is sufficient when the pleading informs the plaintiff of the issue raised and when, given the early stage of the litigation, it would be unreasonable to expect the defendant to have detailed information about mitigation. *See, e.g., Yash Raj Films*, 2004 WL 1200184, at *4; *Mobley v. Kelly Kean Nissan, Inc.*, 864 F. Supp. 726, 732 (N.D. Ill. 1993) (Aspen, J.). In the case *sub judice*, the pleading of affirmative defense eight sufficiently apprises

Plaintiff of the issue raised. *See Sanchez*, 1994 WL 603901, at *2 (holding that defendant's allegation,"plaintiff has failed to mitigate her damages," was sufficient to inform the plaintiff of the issue the defendant proposed to raise in the case); *Mobley*, 864 F. Supp. at 732 ("Failure to mitigate is properly asserted as an affirmative defense, and while [it] might have been more fully pleaded, it apprises plaintiffs that [defendant] intends to argue that they failed to mitigate their damages."). Moreover, Defendant may be able to prove facts to support the defense of failure to mitigate but, at this early stage of the litigation, it does not have access to information that would enable it to state this defense with more particularity. *See, e.g., Yash Raj Films*, 2004 WL 1200184, at *4; *Sanchez*, 1994 WL 603901, at *2. Therefore, the Court denies Plaintiff's motion to strike affirmative defense eight.

## CONCLUSION

For the foregoing reasons, affirmative defense one is stricken without prejudice. The motion to strike affirmative defenses three, five and eight is denied.

So ordered.

Mark Filip
United States District Judge
Northern District of Illinois

Date: 11/8/05