## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

MICHELLE CHRONISTER, )
)
       Plaintiff, )
)
vs. )    No.05 C 3492
)    Judge Filip
)    Magistrate Judge Levin
SUPERIOR AIR/GROUND )
AMBULANCE SERVICE, INC. )    **PLAINTIFF DEMANDS**
)    **TRIAL BY JURY**
       Defendant. )

### PLAINTIFF'S SECOND AMENDED COMPLAINT AT LAW

NOW COMES the Plaintiff, MICHELLE CHRONISTER, by her attorneys, LORI A. VANDERLAAN & KIMBERLY CARR of BEST, VANDERLAAN & HARRINGTON, and in complaining of Defendant, SUPERIOR AIR/GROUND AMBULANCE SERVICE, INC., states as follows:

### NATURE OF CLAIM

1.   This is an action seeking redress for discrimination and retaliation in violation of Title VII, as amended by the Civil Rights Act of 1991, including the Pregnancy Discrimination Act, and other common law theories of recovery.

### JURISDICTIONAL AND VENUE STATEMENT

2.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(a)(3) and (4) and 28 U.S.C. §1331 to secure the protection of and to redress deprivation of rights secured by 42 U.S.C. § 2000(e)-5(f)(3), *et seq.* Supplemental jurisdiction is based upon 28 U.S.C. §1367(a).

1

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) as Plaintiff's causes of action arose herein.

## PARTIES

4. MICHELLE CHRONISTER (hereinafter "Plaintiff") is a female citizen of the United States and was a resident of Woodridge, Illinois at all relevant times herein.

5. Plaintiff was at all relevant times an employee of Defendant, SUPERIOR AIR/GROUND AMBULANCE SERVICE, INC. (hereinafter "SUPERIOR") as a Paramedic.

6. SUPERIOR is an Illinois corporation, doing business at 395 W. Lake Street Elmhurst, Illinois 60126.

## PROCEDURAL REQUIREMENTS

7. Plaintiff CHRONISTER has fulfilled all conditions precedent to the institution of this action under Title VII, as amended by the Civil Rights Act of 1991. She timely filed two separate Charges of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") and has received a Right to Sue letter related to each. The Right to Sue letters are attached hereto and made part hereof as Exhibit "A," and "B" respectively.

## FACTUAL BACKGROUND

8. Plaintiff was employed with Defendant SUPERIOR from on or about December, 1999 to on or about December, 2004 as a Paramedic.

2

9.   At all times throughout the course of her employment, Plaintiff performed her job to the legitimate expectation of her employer.

10.   In March of 2004, Plaintiff announced her pregnancy to Defendant SUPERIOR.

11.   Due to her pregnancy, Plaintiff was restricted to light duty by her physician.

12.   Plaintiff notified Defendant SUPERIOR of the same immediately, and requested uniform provisions and light duty.

13.   Defendant did not provide uniform provisions and light duty for Plaintiff, even though light duty positions were available, and similarly situated non pregnant and male employees had been given light duty positions when medical conditions or other circumstances warranted.

14.   After Plaintiff complained of differential treatment, Defendant forced Plaintiff to take an unpaid medical leave, even though Plaintiff was willing and able to work during this time period.

15.   Plaintiff kept her supervisors informed of her condition throughout the course of her unpaid leave.

16.   Defendant assured Plaintiff her position was secure upon her return to work.

17.   Upon her doctor releasing her back to work, Plaintiff informed Defendant SUPERIOR.

18.   Defendant SUPERIOR failed to provide Plaintiff with work upon her return.

3

19.     On or about December 23, 2004, Plaintiff received a check paying out her unused vacation time.

20.     On or about December 29, 2004, Plaintiff received a letter from Defendant SUPERIOR terminating her.

21.     Plaintiff was terminated on or about December 29, 2004.

22.     Plaintiff was treated differently by Defendant than similarly situated male and non-pregnant employees in the terms and conditions of her employment because of her pregnancy and/or her sex-female, and in retaliation for her opposition to discrimination under Title VII.

23.     The entire sequence of events recounted herein, occurred in violation of Title VII, and because of her sex-female, her familial and pregnancy status, and/or were in retaliation for opposing discrimination and unlawful conduct in violation of Title VII.

## COUNT I
## SEXUAL DISCRIMINATION IN VIOLATION OF TITLE VII

24.     CHRONISTER repeats and reasserts the allegations of paragraphs 1-23 as this paragraph 24, as though fully set forth herein.

25.     Defendant SUPERIOR discriminated against CHRONISTER in the terms, conditions and privileges of employment because of her sex-female, and/or her familial and/or pregnancy status, in violation of Title VII, 42 U.S.C. Sec.2000(e) et seq., including the Pregnancy Discrimination Act of Title VII.

26.     SUPERIOR, by and through its agents, supervisors or employees, engaged in the foregoing acts and conduct when it knew or should have known that the same were in violation of Title VII and the Pregnancy Discrimination Act, and any alleged reasons to the contrary are pretextual.

4

27.     Defendant's wrongful acts, by and through its agents, were deliberate, intentional, willful and wanton and in total disregard for Plaintiff's civil rights.

28.     The foregoing acts and conduct by agents, supervisors or employees of Defendant, SUPERIOR, seriously affected Plaintiff's physical, psychological and financial well-being.

29.     As a direct and proximate result of the acts engaged in by Defendant, Plaintiff has suffered severe financial damages, including but not limited to, loss of employment in a long-standing position; loss of pay and benefits, past and future; loss of future earnings; and other incidentals and benefits of employment; severe mental and emotional distress, embarrassment and humiliation, attorneys' fees, costs and other damages allowed under Title VII.

WHEREFORE, Plaintiff, MICHELLE CHRONISTER, respectfully requests judgment against Defendant, SUPERIOR AIR/GROUND AMBULANCE SERVICE, INC., in an amount that will fully compensate her for injuries and damages of the past and future, including but not limited to lost wages of the past and future; loss of employee benefits of the past and future; loss of future earnings; loss of career opportunities; severe mental and emotional distress; embarrassment and humiliation; attorney fees and costs; punitive damages, and prejudgment interest; as well as any other further relief as the Court deems just and appropriate.

## COUNT II
## TITLE VII
## RETALIATORY DISCHARGE

30.    Plaintiff repeats and reasserts the allegations of paragraphs 1-29 as this paragraph 30 as though fully set forth herein.

31.    Plaintiff has a federally protected right to equal treatment in the workplace.

32.    Plaintiff attempted to exercise her rights through complaints to Defendant regarding the unequal treatment she received both before, during and subsequent to her maternity leave, all of which she did reasonably and in good faith believe to be unlawful under Title VII.

33.    In addition to Defendant's refusal to resolve Plaintiff's complaints, Defendant engaged in illegal acts of retaliation against Plaintiff in response to her opposing unlawful conduct, including but not limited to, those acts set forth above.

34.    Said retaliatory acts by Defendant were in violation of Title VII.

35.    Defendant SUPERIOR, by and through its agents, employees and supervisors, thus engaged in the foregoing illegal acts and conduct against Plaintiff, when it knew or should have known that the same were in violation of Title VII and the Pregnancy Discrimination Act, and any alleged reasons to the contrary are pretextual.

36.    Defendant's wrongful acts, by and through its agents, were deliberate, intentional, willful and wanton and in total disregard for Plaintiff's civil rights.

37.    As a direct and proximate result of the acts engaged in by Defendant, Plaintiff has suffered severe financial damages, including but not limited to, loss of employment in a long-standing position; loss of pay and benefits, past and future; loss of future earnings; and other incidentals and benefits of employment; severe mental and

emotional distress, embarrassment and humiliation, attorneys' fees, costs and other damages allowed under Title VII.

WHEREFORE, Plaintiff, MICHELLE CHRONISTER, respectfully requests judgment against Defendant, SUPERIOR AIR/GROUND AMBULANCE SERVICE, INC., in an amount that will fully compensate her for injuries and damages of the past and future, including but not limited to lost wages of the past and future; loss of employee benefits of the past and future; loss of future earnings; loss of career opportunities; severe mental and emotional distress; embarrassment and humiliation; attorney fees and costs; punitive damages, and prejudgment interest; as well as any other further relief as the Court deems just and appropriate.

**COUNT III**
**DISCRIMINATION IN VIOLATION OF THE**
**FAMILY AND MEDICAL LEAVE ACT**
**29 U.S.C. §2601**

38.     Chronister repeats and realleges Paragraphs 1 through 41 as this paragraph 42 as if set forth fully herein.

39.     The foregoing acts and conduct by Defendants, including but not limited to, failing to restore Plaintiff to her position after taking leave, and altering the terms and conditions of her employment upon notification of her release to return to work from her maternity leave violated the Family and Medical Leave Act.

40.     Defendants, individually and/or by and through their agents, engaged in the foregoing acts and conduct when they knew or should have known that the same were in violation of the Family and Medical Leave Act and any alleged reasons to the contrary are pretextual.

7

41.     Defendants' wrongful acts, individually and/or by and through their agents, were deliberate, intentional, willful, wanton and malicious and in total disregard to Plaintiff's rights under the Family and Medical Leave Act of 1993.

42.     As a direct and proximate result of the acts engaged in by Defendants, Plaintiff suffered severe financial damages, including but not limited to loss of pay, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment; severe emotional distress, humiliation, embarrassment; damage to reputation, attorneys fees, costs and other damages allowed under the Family and Medical Leave Act.

WHEREFORE, Plaintiff, MICHELLE CHRONISTER, respectfully requests judgment against Defendant, SUPERIOR AIR/GROUND AMBULANCE SERVICE, INC., in an amount that will fully compensate her for her injuries and damages for Defendants' violation of Plaintiff's rights under the Family and Medical Leave Act and award Plaintiff damages for loss of wages, past and future, loss of future earnings, loss of career opportunities, loss of employee benefits, past and future, court costs, expense of litigation, expert witness fees, reasonable attorneys' fees, liquidated damages, as well as any other further relief as the Court deems just and appropriate.

## COUNT IV
## VIOLATION OF FAMILY AND MEDICAL LEAVE ACT - RETALIATION

43.     Plaintiff repeats and realleges Paragraphs 1 through 46 as this paragraph 47 as if set forth fully herein.

44.     Plaintiff was terminated from her position with Defendants in retaliation for participating in protected activity and exercising her rights under the Family and Medical Leave Act.

8

45.     Defendants, individually and/or by and through their agents, terminated

Plaintiff when they knew or should have known that the same were in violation of the

Family and Medical Leave Act and any alleged reasons to the contrary are pretextual.

46.     Defendants' wrongful acts, individually and/or by and through their

agents, were deliberate, intentional, willful, wanton and malicious and in total disregard

to Plaintiff's rights under the Family and Medical Leave Act of 1993.

47.     As a direct and proximate result of the acts engaged in by Defendants,

Plaintiff suffered severe financial damages, including but not limited to loss of pay, past

and future, loss of career opportunities, loss of future earnings and other incidentals and

benefits of employment; severe emotional distress, humiliation, embarrassment; damage

to reputation, attorneys fees, costs and other damages allowed under the Family and

Medical Leave Act.

WHEREFORE, Plaintiff, MICHELLE CHRONISTER, respectfully requests

judgment against Defendant, SUPERIOR AIR/GROUND AMBULANCE SERVICE,

INC., in an amount that will fully compensate her for her injuries and damages for

Defendants' violation of Plaintiff's rights under the Family and Medical Leave Act and

award Plaintiff damages for loss of wages, past and future, loss of future earnings, loss

of career opportunities, loss of employee benefits, past and future, court costs, expense of

litigation, expert witness fees, reasonable attorneys' fees, liquidated damages, as well as

any other further relief as the Court deems just and appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Respectfully Submitted,

**MICHELLE CHRONISTER**

/s/ Kimberly A. Carr
By:  One of Her Attorneys

**BEST, VANDERLAAN & HARRINGTON**
**Kimberly A. Carr**
12 W. Cass Street, Ste. 12
Joliet, IL 60432
815.740.1500
815.740.6304 (f)
#6272033

# NOTICE OF RIGHT TO SUE
(Issued on request)

| To: CERTIFIED MAIL NO.: 7099-3400-0014-4047-8978 CP ATTY <br><br> Michelle Chronister <br> 7616 Woodridge Drive <br> Woodridge, Illinois 60517 | From: <br><br> Equal Employment Opportunity Commission <br> Chicago District Office <br> 500 West Madison Street, Suite 2800 <br> Chicago, Illinois 60661-2511 |
|---|---|

☐ On behalf of a person aggrieved whose identity is CONFIDENTIAL (29 C.F.R. 1601.7(a))

| Charge Number <br> 210-2005-02449 | EEOC Representative <br> Ernestine Harris, Investigator | Telephone Number <br> (312) 886-7490 |
|---|---|---|

( See the additional information attached to this form )

TO THE PERSON AGGRIEVED: This is your NOTICE OF RIGHT TO SUE. It is issued at your request. If you intend to sue the respondent(s) named in your charge, YOU MUST DO SO WITHIN NINETY (90) DAYS OF YOUR RECEIPT OF THIS NOTICE: OTHERWISE YOUR RIGHT TO SUE IS LOST.

☐ More than 180 days have expired since the filing of this charge.

☒ Less than 180 days have expired since the filing of this charge, but I have determined that the Commission will be unable to complete its process within 180 days from the filing of the charge.

☒ With the issuance of this NOTICE OF RIGHT TO SUE, the Commission is terminating its process with respect to this charge.

☐ It has been determined that the Commission will continue to investigate your charge.

☐ ADEA: While Title VII and the ADA require EEOC to issue this notice of right to sue before you can bring a lawsuit, you may sue under the Age Discrimination in Employment Act (ADEA) any time 60 days after your charge was filed until 90 days after you received notice that EEOC has completed action on your charge.

   ☐ Because EEOC is closing your case, your lawsuit under the ADEA must be brought within 90 days of your receipt of this notice. Otherwise, your right to sue is lost.

   ☐ EEOC is continuing its investigation. You will be notified when we have completed action and, if appropriate, our notice will include notice of right to sue under the ADEA.

☐ EPA: While Title VII and the ADA require EEOC to issue this Notice of Right to Sue before you can bring a lawsuit, you already have the right to sue under the Equal Pay Act (EPA) (You are not required to complain to any enforcement agency before bringing an EPA suit in court). EPA suits must be brought within 2 years (3 years for willful violations) of the alleged EPA underpayment.

On Behalf of the Commission

March 21, 2005
(Date)

John P. Rowe, District Director

Enclosures
   Information Sheet
   Copy of Charge

cc: Respondent(s)   Superior Air/Ground Ambulance

PLAINTIFF'S EXHIBIT
4

SEOC Form 161-B (Text 10/94)

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:   Michelle Chronister
      7616 Woodridge Dr.
      Woodridge, IL 60517

      Cert# 7001 1940 0003 8830 0406

From:   Chicago District Office
        500 West Madison St
        Suite 2800
        Chicago, IL 60661

☐   On behalf of person(s) aggrieved whose identity is
    CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 210-2005-09636 | Eileen Sotak, Enforcement Supervisor | (312) 353-1316 |

(See also the additional information enclosed with this form.)

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐   More than 180 days have passed since the filing of this charge.

☒   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

☒   The EEOC is terminating its processing of this charge.

☐   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐   The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*John P. Rowe,*

Enclosure(s)

John P. Rowe,
District Director

11/30/05
(Date Mailed)

cc:   SUPERIOR AIR / GROUND AMBULANCE

PLAINTIFF'S EXHIBIT
B